IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONTE R. WILLIAMS | : | |
| Plaintiff | : | |
| v. | : | Civil No. L-08-2612 |
| GAUDENZIA, INC. | : | |
| CECILIA  VELEZQUEZ | | |
| *REGIONAL DIRECTOR* | : | |
| ERNESTINE SUGGS | | |
| *ASST. PROGRAM DIRECTOR* | : | |
| PAT  O'CONNOR | | |
| *DIVISION DIRECTORS* [sic] | : | |
| *DR.* MARTZ | | |
| ZOALA  ROWLETTE | : | |
| Defendants | : | |

**<u>MEMORANDUM</u>**

I.     PROCEDURAL HISTORY

This 42 U.S.C. § 1983 civil rights Complaint for declaratory and injunctive relief and

$50,000.00 in damages was received for filing on October 6, 2008.   Plaintiff claims that on May 2,

2008, he was transferred to the Metropolitan Transitional Center ("MTC") in Baltimore, Maryland

to attend a mandatory drug program in order to "reduce his security status to pre-release/work-

release from minimum security."  Docket No. 1.   Plaintiff claims that upon his arrival at MTC he

was immediately accepted into the Gaudenzia, Inc. ("Gaudenzia") drug program.[1]

Plaintiff claims that Gaudenzia staff provided him contract and manual documents which, in

part, discussed the unexcused absence and tardiness policies of Gaudenzia's six-month program.  Id.

 He asserts that the Gaudenzia policy dictates that a participant is excused from "tardiness and

---

[1]   According to Plaintiff the Division of Correction has "outsourced" its drug program to be run by
Gaudenzia.  Docket No. 1.   In their Motion to Dismiss, Defendants state that Gaudenzia is a substance
abuse treatment program that has a contract with the Division of Correction to "operate certain drug and
alcohol treatment programs within prison facilities in Maryland."

absenteeism" if he or she has an institutional pass.  He also claims that Division of Correction ("DOC") regulations dictate that inmates must obey all institutional passes.  Docket No. 1.  Plaintiff further asserts that he was issued institutional passes for necessary medical treatment on May 12, 14, 20, and 27, 2008 and June 30, 2008, resulting in his absence from the Gaudenzia program for 10 ½ hours out of the 252 program hours for the six-month drug program.  Id.

Plaintiff claims that on July 17, 2008, he met with Gaudenzia staff regarding his attendance report and was told that he would be subject to disciplinary action for violating Gaudenzia's contract. He alleges that he was informed that (1) he would be subject to the "retaking" of 82 program hours, which would move back the program completion date, and (2)  if he missed any further days or was tardy for any reason, he would be expelled from the program.  Id.

Plaintiff claims that he met with Gaudenzia staff in August 2008 to mediate his grievance and was forced to enter into a behavioral contract "for receiving medical treatment" in order to avoid expulsion from the program.  Id.  He claims he completed this 30-day "forced" behavior contract, then was told that the contract would be extended and that he would have to complete an extended 10 days in the Gaudenzia program.[2] Id.

## II.    PENDING MOTIONS

Currently pending is Defendants' Motion to Dismiss, Plaintiff's Opposition, and Defendants' Reply.   Docket Nos. 15, 20, & 23.  The undersigned has examined the medical records and declarations submitted by the parties and finds that no hearing is necessary.  See Local Rule 105.6. (D. Md. 2008).  For the  reasons that follow, Defendants' pleading, construed as a Motion for Summary Judgment, shall be GRANTED.

---

[2]  Plaintiff maintains that Gaudenzia's actions deprived him of his rights under Maryland consumer protection laws by violating the guarantees set out in its advertised "Member Bill of Rights" issued to him and other Gaudenzia participants.

III.    STANDARD OF REVIEW

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law.  In Anderson v. Liberty Lobby, Inc., 477 U.S. at 242, 249 (1986), the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  Id. at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion."  Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).  See also EEOC v. Navy Fed.  Credit Union, 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla"of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment.  See Anderson, 477 U.S. at 252.

This court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences."  Shin v. Shalala, 166 F.Supp. 2d 373, 375 (D. Md. 2001) (citation omitted).   Indeed, the court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial.  See Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987)).

IV.   DISCUSSION

1.   Factual Background

According to Defendants, on or about May 5, 2008, Plaintiff became enrolled in the Gaudenzia Intensive Treatment Program ("ITP") at MTC, a six-month program that provides two to three hours of treatment per day, five days a week.  Docket No. 15.   One of Gaudenzia's "cardinal rules" is that clients may not miss more than three days from the program without risk of termination or being required to make up the missed time.  Defendants allege that this rule is contained in an intake form signed by each client, including Plaintiff.   Id., Ex. 1.

Defendants state that during the course of his treatment Plaintiff missed five days because of alleged medical concerns.   They acknowledge that Gaudenzia  initially concluded that Plaintiff would have to repeat the entire six-month program because of his missed time.  Id., Ex. 2.   Pursuant to Plaintiff's appeal, however, Gaudenzia conducted a review of this decision and determined that instead of repeating the entire program, Plaintiff would spend an additional ten days in the program, resulting in the completion of the program by November 17, 2008.  Id., Ex. 3.   In addition, Plaintiff was placed on a behavioral contract.   Id., Ex. 4.   Plaintiff signed both the case consultation form and behavioral contract in August 2008.

Gaudenzia reviewed Plaintiff's behavioral contract and program compliance every 30 days.  Id., Ex. 5.   Plaintiff continued to appeal both the behavioral contract and ten-day extension requirement.   After further review, Gaudenzia determined that Plaintiff would remain on the behavioral contract until completion of the program (including the extra ten days).  Id.  Defendants

state that before he could complete the extra program days, Plaintiff was  transferred  to another facility within the Division of Correction on November 12, 2008 for reasons unknown.[3]

In his opposition, Plaintiff claims that Defendants violated the Eighth Amendment because they interfered with his medical treatment by enforcing their program attendance policy, thereby requiring him to forego treatment or risk being expelled from the ITP.  Docket No. 20.   He maintains that Gaudenzia's "House Rules" mandate that an absence is excused when the participant has a valid institutional pass.  Id.   Plaintiff argues that the scheduling of the prescribed medical treatment was not "mandated" by him but by prison medical staff.  Id.

Plaintiff also raises a Fourteenth Amendment claim, complaining that Gaudenzia violated his equal protection rights and knowingly subjected him to punishment by denying him prescribed care even though he had valid institutional medical passes.[4]  Id.    He claims further that Gaudenzia maintained deceptive trade practices by "misrepresentation" of the benefits and standards of their consumer services.  Id.

In their reply, Defendants argue that Plaintiff has confused Gaudenzia's valid enforcement of its program attendance rules with the imposition of cruel and unusual punishment and/or disparate treatment.  Docket No. 23.   They assert that one of the fundamental rules of the program is that a client must attend the program and cannot miss three or more days without the risk of repeating some or all of the program.   Defendants claim that the reasons for the participant's absence are immaterial and that House Rules do not excuse a participant from the attendance rule if he has an institutional

---

[3]  The record shows that Plaintiff was released from incarceration on November 12, 2008, prior to his completion of the Gaudenzia ITP.  Docket No. 15, Ex. 6.

[4]  Copies of medical passes provided by Plaintiff show that on the relevant dates of May 14, 20, & 27, 2008, he was called for sick-call for "psych" reasons, unspecified purposes, and for "emergency medical treatment."    Docket No. 20, Exs. E & H.

pass. Id.  They maintain that Plaintiff signed an intake form which addressed the absentee policy and he cannot claim surprise about enforcement of same.   Id.

　　　2.　　　Analysis

Defendants argue that Plaintiff has failed to state a claim under the Eighth Amendment.   The Court concurs.  To establish a claim of this nature Plaintiff must satisfy two requirements.  First, he must satisfy the "objective" component by illustrating a serious deprivation which results in the denial of "the minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994). If Plaintiff proves this first element, he must then provide the second subjective component of the Eighth Amendment standard by showing deliberate indifference on the part of Defendants.  Id. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  Id. at 835.  Defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference."  Id. at 837.

　　Plaintiff challenges the decision to enforce Gaudenzia's ITP rules, to extend his drug treatment programming by ten days, and to require him to adhere to a behavioral program.   These actions do not comprise cruel and unusual punishment because Plaintiff was not denied the minimal civilized measure of life's necessities.  The Court further observes that there is no allegation that Plaintiff suffered physical injury from the enforcement of ITP rules or modifications to his Gaudenzia program. The Prison Litigation Reform Act states that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  A prior physical injury is required for a prisoner to recover damages for emotional and mental injury.  See Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997).

Further, while substance abuse programs may serve an important rehabilitative function,  it has been established that an inmate has no constitutional due process right to participate in rehabilitative programming.  See Sandin v. Conner, 515 U.S. 472, 484 (1995); Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Matelsky v. Gunn, 15 Fed. Appx. 686, 688 (10th Cir. 2001).  Moreover, equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  To succeed on an equal protection claim, Plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th  Cir. 2001).  See also Washington v. Davis, 426 U.S. 229, 239-42 (1976); Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002).  The record clearly shows that the Gaudenzia absentee rule is applied uniformly to all clients, no matter an individual's reason for missing program hours.  No Fourteenth Amendment due process or equal protection violation has been established.

## V.  CONCLUSION

For the aforementioned reasons, Defendants' dispositive motion, construed as a motion for summary judgment, shall be granted and judgment shall be entered in favor of Defendants and against Plaintiff.[5]  A separate Order follows.



August 4, 2009                                           /s/
                                      _____
                                      Benson Everett Legg
                                      Chief Judge

---

[5]  In light of this decision, the Court shall not take jurisdiction over Plaintiff's pendant Maryland consumer protection claim.